122 F.3d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marcelo Mendoza VALDECANTOS; Esperanza Icarangal
Valdecantos; Melissa Icarangal Valdecantos, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-71103, Abr-eax-tuu, Axi-wol-ukc, Ajr-kek-frk.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 4, 1997.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals
 
 
 2
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Marcelo Mendoza Valdecantos, a native and citizen of the Philippines, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). His wife and daughter, Esperanza Icarangal Valdecantos and Melissa Icarangal Valdecantos, derivatively applied for asylum and withholding of deportation. See 8 U.S.C. § 1158(b)(3) (1994). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 5
 Valdecantos contends that the BIA's conclusion that he failed to establish past persecution or a well-founded fear of future persecution was not supported by substantial evidence. We disagree.
 
 
 6
 We review the BIA's factual determinations of a petitioner's statutory eligibility for asylum under a substantial evidence standard. See Singh v. Ilchert, 63 F.3d 1501, 1506 (9th Cir.1995). To obtain reversal, the petitioner must show that "the evidence not only supports that conclusion, but compels it." INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1 (1992).
 
 
 7
 To be eligible for asylum, an applicant must show either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A) (1994). The well-founded fear standard includes both a subjective and objective component. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1001 (9th Cir.1988) (per curiam). "The subjective component requires that the fear be genuine, while the objective component 'requires a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution.' " Id. at 1002 (citations omitted).
 
 
 8
 Assuming that Valdecantos's testimony was credible, he failed to produce specific and direct evidence to demonstrate that his fear was well-founded in light of the Immigration and Naturalization Service's evidence establishing changed conditions in the Philippines. See Rodriguez-Rivera, 848 F.2d at 1002; see also Kazlauskas v. INS, 46 F.3d 902, 906 n. 3 (9th Cir.1994) ("Fundamental social or political changes in the applicant's homeland are highly relevant to the likelihood of future persecution."). Accordingly, substantial evidence supported the BIA's determination that Valdecantos failed to establish a well-founded fear of future persecution. See Rodriguez-Rivera, 848 F.2d at 1002.
 
 
 9
 Because Valdecantos failed to satisfy the standard for asylum, he necessarily failed to satisfy the more rigorous standard for withholding of deportation. See de Leon-Barrios v. INS, 116 F.3d 391, 394 (9th Cir.1997).
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, petitioners' request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3